[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a verified petition for paternity, which petition also seeks orders of custody, visitation, child support and other expenses. The petition alleges and the court finds that the plaintiff had the child, whose name is Alex Michael Altieri on March 7, 1996. The petition also alleges that the defendant is the father of said child and that orders should enter for support and other relief as sought therein.
By agreement, the defendant has acknowledged the paternity of the child. The defendant was canvassed in court and is fully aware of the consequences of his acknowledgment of the paternity of the child. The paternity of the child is found, and the defendant Joseph J. Altieri, Jr. is found to be the father of the minor child born to the defendant, Alex Michael Altieri.
After consideration of the relevant statutory criteria, the court finds that it is in the best interest of the child for CT Page 4630 custody to be held by the plaintiff, Marion C. Hanaczewski. The defendant shall have reasonable rights of visitation which will include each Monday, Wednesday and Thursday from either after school and/or day care until 6:00 p. m. In addition, the defendant shall have visitation Tuesdays from the end of day care and/or school, until the begining [beginning] of school or day care the following morning. The defendant father shall be responsible for transportation from day care and school. The plaintiff mother shall be responsible for picking up the child at the conclusion of each visitation.
Notwithstanding the above, the parties shall alternate holidays with the exception of Christmas day which will be spent with the defendant from 10:00 a.m. to 2:00 p. m. and with the plaintiff for the remainder of said holiday. Each party shall have the minor child on their respective birthdays, and the defendant shall have the child on Father's Day, the plaintiff shall have the child on Mother's Day. Each party shall be able to enjoy an uninterrupted two week summer vacation with the child. The parties shall notify each other on or before May 1st of each year as to the dates of the summer vacation. The parties may agree to such other visitation as they deem appropriate and as may be in the best interest of the child.
The defendant shall not leave the minor child in the care of his brother, Alphonse Altieri under any circumstance.
The court has reviewed the child support guidelines and the evidence as to the income and earnings of the defendant, and finds that child support shall be payable in the amount of $80.00 per week. In addition, the defendant is ordered to pay $45% of the current child care or day care expense for the minor child. That expense shall be paid directly to the day care center. Based upon the court's finding of child support, the court finds an arrearage of 144 weeks, which consists of the period between June 1, 1997 and March 10th of the year 2000. The total arrearage found is $11,520.00 from which a credit of $550.00 shall be provided leaving a net balance of $10,970.00. Payment on said arrearage shall be made at the rate of $20.00 per week. The child support and arrearage payment shall be by way of an immediate wage withholding.
The court finds that the plaintiff has expended the sum of $4,030.00 as day care expenses for the minor child. The court further finds it appropriate to charge the defendant with responsibility for 45% of those expenses. The defendant is found CT Page 4631 owing the plaintiff $1,813.00. The defendant is further found liable for one half of the hospital expense incurred by the plaintiff at the Yale New Haven Hospital. The evidence before the court is that that bill was $3,000.00 and has been reduced to some extent by the plaintiff's payments. One half of the total bill is $1,500.00.
In addition, costs are granted as per the plaintiff's request in the total amount of $345.70.
After consideration plaintiff's request for attorney's fees, attorneys fees are granted in the amount of $2,000.00.
The defendant is ordered to pay the sum of $1,000.00 towards the arrears due on the day care expenses, hospital bill, attorneys fees and costs. In addition, he shall pay the sum of $50.00 per week until such time as expenses are paid in full. It is further ordered that the defendant convey $75% of any tax return received to the plaintiff which amounts shall be applied to the reduction of costs, expenses and fees as aforesaid.
Robaina, J.